IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Larry D. Furtick, | ) | C/A NO. 4:08-1749-CMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Brent Mills, J. Ray, John Doe, and Richland County, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs in violation of his constitutional rights.

This matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation. However, this court retains the authority to withdraw the reference and proceed to consider Defendant Richland County's motion for summary judgment without a Report and Recommendation from a Magistrate Judge. Therefore, this court hereby withdraws the reference to the Magistrate Judge and proceeds to consider Defendant's summary judgment motion. For the reasons stated below, the court **grants** Defendant Richland County's motion for summary judgment.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that

there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

In deciding a summary judgment motion, the court must look beyond the pleadings and determine whether there is a genuine need for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986). If the defendant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317,

324-25 (1986). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. An issue of fact concerns "material" facts only if establishment of the fact might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

### SUMMARY JUDGMENT MOTION – RICHLAND COUNTY

Defendant Richland County filed its motion for summary judgment on October 14, 2008. Plaintiff, represented by counsel, has filed no response, and the time for doing so has expired. For the reasons stated by Defendant Richland County, with which the court agrees and adopts except for the argument relating to exhaustion of administrative remedies,[1] the court **grants** Defendant Richland County's motion for summary judgment as to the federal causes of action.

### STATE LAW CLAIM

Plaintiff's remaining claim is based on state law, and the court's continued exercise of jurisdiction is premised on supplemental jurisdiction.

---

[1] The statute which requires exhaustion of administrative remedies states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner *confined in* any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). It does not appear to this court that Plaintiff was still incarcerated when he filed this lawsuit. Therefore, administrative exhaustion is not required. *Norton v. The City Of Marietta, OK*, 432 F.3d 1145, 1150 (10th Cir. 2005); *See also Cofield v. Bowswer*, 247 Fed. Appx. 413 (4th Cir. 2007).

It is this court's customary practice to decline to exercise supplemental jurisdiction over state law claims when the federal claims are dismissed in advance of trial. 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). As the Fourth Circuit explained in *Taylor v. Waters*, 81 F.3d 429, 437 (4th Cir. 1996), the decision to decline the exercise of supplemental jurisdiction after dismissal of the original jurisdiction claim will "hinge on the moment within the litigation when the dismissal of the touchstone claim takes place . . . ." (*quoting* 28 U.S.C. § 1367, practice commentary (West 1993)). Where the original jurisdiction claim is dismissed before trial, the state claims should be dismissed as well. *Gibbs*, 383 U.S. at 717; *Taylor*, 81 F.3d at 437. The court notes that 28 U.S.C. § 1367(d) provides that "[t]he period of limitations for any [state law claim asserted under 1367(a)] . . . shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."[2]

Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the court dismisses the remaining state law claim without prejudice.

### DEFENDANTS MILLS, RAY, AND JOHN DOE

Defendants Brent Mills, J. Ray, and John Doe do not appear to have been served with process in this matter and the time for doing so has expired. Pursuant to Federal Rule of Civil Procedure 4(m), these defendants are dismissed from this matter without prejudice.

### CONCLUSION

For all these reasons, Defendant Richland County's motion for summary judgment is **granted** as to the federal causes of action. Defendants Mills, Ray, and John Doe are dismissed from

---

[2] The constitutionality of this statute was upheld in *Jinks v. Richland County*, 538 U.S. 456 (2003).

this action without prejudice. Any remaining state law claim contained in Plaintiff's complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON McGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
December 24, 2008

C:\Documents and Settings\guest\Local Settings\Temp\notesE1EF34\08-1749 Furtick v. Mills wd reference gr sumjgm and dism.wpd